MERRILL F. BEAN ET AL. v. SARAH A. DOVE ET AL.

Decided October 31, 1903.

**1.—New Trial—Suit by Publication—Unknown Heirs—Limitations.**

An administration was had on the estate of B., in which some of the parties were cited by publication as unknown heirs and an attorney appointed to represent them. Judgment was rendered in favor of certain of the known claimants and a final decree of partition of the estate among them was entered. Within two years thereafter A. and others intervened and filed a motion for new trial, claiming to be the unknown heirs of B. The case was continued for six years, when M. B. and others also intervened, claiming to be the unknown and sole heirs of B. and in opposition to all the other parties in the case. Held that the intervention of M. B. and others came too late, as it was in effect a motion for new trial which the statute allows in suits by publication, if filed within two years from the rendition of judgment in the original suit. Rev. Stats., art. 1375.

**2.—Same—Limitations—Fundamental Error.**

It was not necessary that a plea of limitations should have been interposed below to the intervention of M. B. and others, as the failure of the court to dismiss their claim was fundamental error.

**3.—Same—Adverse Claimants.**

M. B. and others, the latter interveners, could not, as against limitations, avail themselves of the prior intervention and motion of A. and others, as they were claiming adversely to such prior interveners.

Appeal from the District Court of Grayson. Tried below before Hon. Rice Maxey.

*Don A. Bliss,* for appellants.

*W. M. Walton* and *C. L. Galloway,* for appellees.

TALBOT, ASSOCIATE JUSTICE.—Thomas C. Bean died in Fannin County, Texas, in the month of July, 1887, leaving a large and valuable estate, consisting principally of lands situated in various counties in this State. It appears that he had never been married, and that his father and mother and brothers and sisters, if he had any sisters, were all dead. Administration was taken out on his estate in the County Court of Fannin County, Texas, and while pending in said court, Sarah A. Dove et al. filed an application for the partition and distribution of said estate. The usual citation in such cases was issued and published, notifying Jacob H. Brennerman and about thirty-eight other named persons, who were alleged to be nonresidents of the State of Texas, that Sarah A. Dove, a resident of the city of Washington, in the District of Columbia, and Jane Murray and Mary E. Murray, residents of Fairfax County, State of Virginia, as heirs of Thomas C. Bean, deceased, had filed in the County Court of Fannin County, Texas, an application for the partition and distribution of the estate of said Thomas C. Bean. The said nonresidents were notified by said citation that said application would be heard at a regular term of the County Court of Fannin County, Texas, on the third Monday in January, 1892, it being the

18th day of said month, at the courthouse in the town of Bonham, and that at such time they, as well as all other persons interested in said decedent's estate, might appear and show cause why such partition and distribution should not be made. This citation was issued on the 8th day of December, 1891, and the return of the officer shows that it was duly published in the Bonham News, a newspaper published in Fannin County, Texas, for four consecutive weeks prior to the return day thereof.

During the pendency of this application a number of parties intervened, and caused citation to issue to the unknown heirs of said Thomas C. Bean, which was served by the usual publication thereof in a newspaper. Afterwards said administration, together with said application, for partition of said estate, was transferred to the District Court of Fannin County, Texas, on account of the disqualification of the county judge, and thereafter transferred to the District Court of Grayson County, Texas. Thomas P. Steger and Ed D. Steger, attorneys at law, were appointed by the court, after the perfection of service by publication issued at the instance of interveners, to represent the unknown heirs of Thomas C. Bean in the matter of said application for distribution, and they filed an answer for such heirs solely by virtue of said appointment. The said unknown heirs did not appear, either in person or by anyone authorized by them to represent them. In the matter of said application and distribution issue was joined between the parties thereto as to heirship and ownership of said Thomas C. Bean's estate, and a trial by jury on the 25th day of January, 1896, in the District Court of Grayson County, Texas, resulted in a verdict and judgment in favor of Sarah A. Dove et al. against all parties adversely interested, declaring them, the said Sarah A. Dove et al., to be the sole heirs of the said Bean, deceased, and entitled to said estate. Commissioners were duly appointed by the judgment of the court to make partition, who made their report, and on the 16th day of July, 1896, the court entered a final decree, partitioning and distributing the estate among said parties in accordance with said report.

There was no appeal taken from this judgment, but on the 21st day of July, 1897, Samuel Ashmore, and others, who had not theretofore appeared, filed in said District Court of Grayson County a petition for a new trial of said cause, claiming that they were "unknown heirs" of the said Thomas C. Bean, deceased, referred to in the original suit for partition, and asking that all parties to said judgment, including the unknown heirs of said Bean, deceased, be made parties defendant to their said suit for a new trial. All the parties to said judgment and decree of partition were duly cited in the said application or suit, filed by Ashmore and others, for new trial, except the unknown heirs of said Bean. They were never cited therein, and no effort seems to have been made to secure service on them. This suit of Ashmore and others for a new trial seems to have been continued from time to time until the third Monday in September, 1902. On this day the cause was

called for trial, and for the first time the appellants herein, Merrill F. Bean et al., appeared and filed a petition of intervention in said Ashmore's bill of review for new trial. Appellants in their said petition of intervention claimed to be the heirs of the said Thomas C. Bean, deceased, and entitled to his estate. They claimed adversely to all the parties to the original suit for partition and to all the parties to the application for a new trial. There was no privity of estate or community of interest alleged as existing between them or either of them and the said Ashmore et al., or either of them. They claimed through an entirely different line of ancestry to that of any of the other parties to the said original partition suit or the said application for new trial.

To Ashmore's petition for a new trial appellees demurred generally and by special exceptions, and to the intervention of the appellants they filed a general demurrer and general denial. All demurrers, exceptions and motions of appellees were by the court overruled. A trial on the intervention of Ashmore and others and of appellants was had before a jury on the 30th day of September, 1902, resulting in a verdict in favor of appellees, and M. F. Bean et al. alone appeal.

The record in this cause and cross-assignments of error filed by appellees, raises and presents a question for our decision which, from our view of the law, disposes of the appeal and case without reference to the merits of appellants' claim, and errors assigned by them.

By appellees' ninth cross-assignment of error they present the proposition that the court below was without authority of law to entertain and determine appellants' application for a new trial, or bill of review, because the same was filed more than two years after the rendition of the judgment of partition and distribution in the original suit of Sarah A. Dove et al. v. H. P. Howard et al., and no sufficient cause for not filing sooner shown. Said assignment is in substance as follows: "The court erred in overruling defendants' general demurrer to the pleadings filed by Merrill F. Bean and others, because said petition of intervention showed upon its face that it had been filed as much as six years after the judgment was rendered in the case of Sarah A. Dove. et al. v. H. P. Howard et al., and the statute requires that such motion or application shall be filed within two years after the rendition of said judgment, and if not so filed the court has no jurisdiction to hear the same, and hence, in this case, appellants' petition of intervention and for a new trial of said original cause should have been dismissed."

The application of Ashmore et al. and of the appellants to set aside the judgment and decree entered in the case of Sarah A. Dove et al. v. H. P. Howard et al. and to have a new trial of said cause, was based upon article 1375, Revised Statutes, which reads as follows: "In cases in which judgment has been rendered on service of process by publication when the defendant has not appeared in person or by an attorney of his own selection, a new trial may be granted by the court upon the application of the defendant for good cause shown, supported by affidavit, filed within two years after the rendition of said judgment."

The plea that appellants had not filed their application for a new trial of said cause within two years after the rendition of the judgment and final decree therein, was not interposed by appellants in the trial court, either by special exception or by way of defense. And appellants contend that such plea can not now be presented and urged, because they say the statute relied on by appellees is one of limitation; that the rule of pleading and practice in reference to such statute must be observed, and, unless pleaded in the court below, either by exception or as a defense, in bar of appellants' right to recover, they can not avail themselves of the provisions of said statute in this court.

Appellants further contend that such a plea would have availed appellees nothing, if it had been pleaded in the court below, because they say that the application for a new trial of Samuel Ashmore et al. was filed within the time 'prescribed by the statute, and inured to the benefit of appellants, if they are the real heirs of Thomas C. Bean.

We do not concur in this contention. If the intervention of appellants, setting up that they were the heirs of Thomas C. Bean, and asking that the judgment and decree entered in the original suit be set aside and a new trial awarded them, was not filed within two years after said decree was rendered (and that it was not is not a controverted issue in the case), and if the application of Ashmore et al. did not inure to the benefit of the appellants and stop the running of limitation as to them, then we regard the failure of the trial court to sustain appellees' demurrer, or, at the suggestion of appellees or upon its own motion, to dismiss appellants' intervention, fundamental error, and can be taken advantage of and urged in this court. The right to open up the judgment after the adjournment of the term at which it was rendered by application of this character is statutory, and not a right given at common law, and if the right was not availed of within the period fixed by the statute the remedy and right were lost.

The question then is: Did the filing of the intervention of Ashmore and others, within the time prescribed by law, asking that said judgment and decree be set aside and a new trial granted, inure to the benefit of appellants and suspend the running of limitation as to them? We think not. There is no privity of estate or community of interest between appellants and appellees with respect to the property sought to be recovered. There was no such estate or interest with respect to said property existing between appellants and Samuel C. Ashmore and those who joined with him in filing his intervention asking for a new trial of said original suit. Ashmore and others, in their intervention, claimed adversely to appellants and all others, asserting that they were the heirs of Thomas C. Bean. They did not allege that there were any heirs, known or unknown, who were interested in, and owned jointly with them, said estate or any part of it, and hence necessary parties to their suit for a new trial. They allege the names of certain parties claimed to be adversely interested to them, and pray that they and the "unknown" heirs of Thomas C. Bean be served with citation, but their

prayer that the unknown heirs of Thomas C. Bean be served with process to appear and answer in said suit was manifestly insincere and made with no intention to have such process issued. They took no steps so far as the record shows, aside from the prayer, to have it issued, notwithstanding their application was pending more than six years before a trial was had.

The precise question before us has not, to our knowledge, been decided by any of the courts of this State. Strongly analogous cases, however, in our opinion may be found. It is settled law in our courts and in the courts of many other States, though the contrary is held in some of the States, that a tenant in common may sue for and recover lands, as against a stranger or trespasser, on behalf of himself and his cotenant, and yet it seems that such suit would not stop the running of the statute of limitation as against the interest of the cotenant not suing. Baldwin v. Johnson, 95 Texas, 85; Ney v. Mumme, 66 Texas, 268; Davidson v. Wallingford, 88 Texas, 525.

The case of Stovall v. Carmichcal, 52 Texas, 389, was an action of trespass to try title, and Judge Gould, delivering the opinion of the court, said: "Our opinion is that the institution by James T. Stovall of an ordinary suit of trespass to try title, there being nothing to indicate that the suit was brought *on behalf* of any other part owner, did not operate to stop the running of limitation against others than himself. Such was the rule recognized and enforced by this court in Burleson v. Burleson, 28 Texas, 210." Proceeding, he says: "A somewhat analogous case is, when one of two tenants in common is under disability which prevents the running of limitation against him. The rule seems to be that if the other tenant in common might have sued alone (as doubtless he might in this State), he is not protected from the effects of limitation, and that in such case the party under disability and not barred can recover only his moiety. [Citing Freem. on Cotenancy, sec. 377; Ang. on Lim., sec. 484.] As between him and other joint owners his beneficiary acts will inure not to his exclusive benefit, but to the benefit of all. But it is also true that by the institution of an unsuccessful suit he binds no one but himself; other joint owners can not be estopped by a judgment against him." See also, Johnson v. Schumacher, 72 Texas, 334.

In Burleson v. Burleson, 28 Texas, 385, it appears that two of the plaintiffs had conveyed their interest in the land in controversy before the institution of the suit. Their vendees were not joined as original plaintiffs, but they subsequently intervened and asserted their rights, and it was held that, as to their interest, if the statute of limitation began to run before suit, it did not cease to run against them until they intervened. Before that time their interests were not in litigation. Again, it has been held, "that a defendant claiming land in controversy against his codefendant will not be considered as having filed his action so as to stop limitation until his claim is set up by answer or cross-bill.

Limitation as to his interest is not stopped by the original suit against his codefendant." Griggsby v. May, 84 Texas, 241.

Paschal v. Owens, 77 Texas, 583, is a case where the surviving wife and mother sued for the unlawful and malicious killing of her husband, and by amended petition, filed more than one year after her husband's death, the surviving children of the deceased joined in said suit. The court charged that the children could not recover, and on appeal it was held that the charge was correct, their rights being barred.

There is no pretense in the present suit that Ashmore and others and appellants have any joint interest whatever in the property to which they seek to establish title and ownership. On the contrary, their respective claims, if any they have, are entirely separate, distinct and adverse.

The decree of partition and distribution of the estate of Thomas C. Bean, deceased, not having been set aside or appealed from, became final at the expiration of the term of the court at which it was rendered, and jurisdiction over the parties and subject matter of the litigation could only be conferred upon said court and called into exercise thereafter by filing therein within the time prescribed by article 1375 of the Revised Statutes a bill of review or application for new trial. The time prescribed within which such bill or application may be filed is two years. Appellants' bill or application for new trial in this case was not filed until more than six years had elapsed.

We believe that appellants by the lapse of time lost any right they may have had to ask that the judgment rendered in the case of Sarah A. Dove et al. v. H. P. Howard et al. be set aside and an opportunity afforded them to contest their right to the property distributed among said parties; and having reached this conclusion, and the judgment of the District Court being that appellants take nothing by their suit, we believe the proper disposition to make of this appeal is to affirm the judgment of that court, and it is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

Appellants have filed a motion for rehearing in this cause, in which, among other things, they complain of the action of this court in calling their appearance and pleading in the case an intervention. When Ashmore and others filed their petition for review or new trial they prayed that the unknown heirs of T. C. Bean be made parties. No citation, however, was issued, and on the 16th day of September, 1902, appellants voluntarily appeared and filed what is indorsed and called an "original answer." In this pleading they say, "they are unknown heirs of T. C. Bean, heretofore made parties to this suit, and against whom Samuel Ashmore et al., plaintiffs in the suit for new trial in this cause, seek a recovery, and enter their appearance in this cause in answer to the petition for a new trial filed by said Samuel Ashmore et al., and for such answer show the court that they, together with Darius May, who

resides in the Province of Quebec, in the Dominion of Canada; Harriett Glover, whose husband is —— Glover, and who resides in Orleans County, in the State of Vermont, and Esther Morgan, who resides in the city of Waltham, in the State of Massachusetts, were the unknown heirs of T. C. Bean, heretofore made parties to this suit as set forth in the said petition of said Samuel Ashmore and others. That these defendants, together with thē said persons named in the immediately preceding paragraph of this answer, were at the time of the rendition of the judgment described in the said petition of Samuel Ashmore et al., and are now the *sole heirs* of said T. C. Bean." They further alleged that the "parties in whose favor said judgments were rendered were not heirs of the said T. C. Bean, and are not and were not entitled to the property belonging to the said T. C. Bean, left at his death. That at the time of the rendition of said judgments these defendants, and the persons hereinbefore named as coheirs with them of the said T. C. Bean, were the sole heirs of the said T. C. Bean, and now are his sole heirs, and were then and are now entitled to all the property belonging to the estate of the said T. C. Bean. They deny that plaintiffs in the suit for a new trial herein, to wit, Samuel Ashmore et al., are heirs of the said T. C. Bean, and deny that said Samuel Ashmore et al., or any of them, are entitled to any of said property." Said pleading, among other things, further alleges the interest claimed by each of appellants and said coheirs, and prays that said alleged coheirs, Darius May, Harriett Glover and Esther Morgan, be made parties, and be cited to answer herein, and upon final hearing that judgment be rendered setting aside the said judgments heretofore rendered, and adjudging appellants and said alleged coheirs to be the sole heirs of said T. C. Bean, and that all the property belonging to the estate of the said T. C. Bean be distributed among them in accordance with their several interests, for partition, for costs and for general relief.

Tested by these averments, we believe appellants, although nominating themselves defendants, are practically and in effect interveners, and that their appearance and pleading herein has been properly characterized by us an intervention. We adhere to the views expressed in our original opinion, and the motion for rehearing is overruled.

*Overruled.*

Writ of error refused.