LANE et al. v. MILLER & VIDOR LUMBER CO. (No. 5469.)

(Court of Civil Appeals of Texas. San Antonio. April 21, 1915. Rehearing Denied May 12, 1915.)

1. APPEAL AND ERROR ⬦544— QUESTIONS REVIEWABLE—FUNDAMENTAL ERROR.
    Where there was no motion for new trial, and the record contains no statement of facts, the court on appeal can consider only fundamental matters.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⬦544.]

2. APPEAL AND ERROR ⬦544 — QUESTIONS REVIEWABLE—"FUNDAMENTAL ERROR."
    Error in sustaining demurrers to petition going to the foundation of plaintiff's cause of action and right to sue is fundamental, and reviewable though there was no motion for new trial, and the record contains no statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⬦544.

For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

3. TENANCY IN COMMON ⬦55 — ACTION IN TRESPASS TO TRY TITLE—RIGHT OF TENANT.
    A tenant in common may sue in trespass to try title for the whole tract, against a trespasser, without joining cotenants.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 140–156; Dec. Dig. ⬦55.]

4. EXECUTORS AND ADMINISTRATORS ⬦517— FOREIGN EXECUTORS — STATUTORY PROVISIONS.
    An attempt by a foreign executor to act as such in the state, without first complying with Vernon's Sayles' Ann. Civ. St. 1914, art. 3276, providing for the filing of a will probated in another state is without authority of law.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1, 2297, 2298; Dec. Dig. ⬦517.]

5. WILLS ⬦434—FOREIGN WILLS—PROBATE —EFFECT.
    The purpose of Vernon's Sayles' Ann. Civ. St. 1914, arts. 7875, 7877, providing that, when a will has been probated in a sister state, a copy thereof and its probate, when certified, may be filed and recorded, and take effect as a deed, is to permit a person owning land by virtue of a will duly probated in a sister state to preserve a muniment of his title without the formality of probating the will, required by article 3276.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 937–945; Dec. Dig. ⬦434.]

6. WILLS ⬦681—TRUSTS—TITLE OF TRUSTEE.
    Where a will expressly or by necessary implication creates trusts and imposes on the executor duties performed by a trustee, he takes such title as is requisite, though the will does not specifically designate him as trustee, nor expressly bequeath or devise the property to him in trust.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1599–1601, 1612, 1613; Dec. Dig. ⬦681.]

7. WILLS ⬦681—FOREIGN WILLS—PROBATE —RECORD.
    A foreign will, whereby testator appointed a child executor to hold real estate in Texas in trust, with authority to sell and divide the proceeds in a manner directed, was probated in the state of testator's domicile. There was no administration in Texas, and none could be had because of lapse of time. Held, that the title to the real estate in Texas remained in the executor as trustee, and as trustee he could sue in trespass to try title and for damages.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1599–1601, 1612, 1613; Dec. Dig. ⬦681.]

8. PRINCIPAL AND AGENT ⬦113—POWER OF ATTORNEY—AUTHORITY OF AGENT.
    A power of attorney to sell real estate does not authorize the grantee therein to maintain

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a suit on behalf of the grantors in trespass to try title and for damages.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 334–337, 351; Dec. Dig. ☞113.]

Appeal from District Court, Montgomery County; J. Lewellyn, Judge.

Action by Mary C. Lane and others against the Miller & Vidor Lumber Company. From a judgment of dismissal, plaintiffs appeal. Reversed and remanded.

C. W. Nugent, of Conroe, for appellants. W. N. Foster, of Conroe, and Townes, Foster & Hardwicke, of Beaumont, for appellee.

CARL, J. Appellant Mary C. Lane, in her original petition filed in this cause, sued Miller & Vidor Lumber Company in trespass to try title and for damages to the west one-half of the H. S. Williamson survey of 1,920 acres of land in Montgomery county, Tex.; it being alleged that the defendant was cutting and carrying away timber. The trespass was alleged to have begun on, and continued since, January 1, 1911. In this original petition she sued as the legally qualified and acting executrix of the estate of Joseph A. Bent, deceased, also in her individual capacity as one of the heirs of the said Joseph A. Bent, "and as one of the beneficiaries under his last will and testament, and for and on behalf of all the heirs of the said Joseph A. Bent, as trustee for said heirs, as provided in said last will and testament of the said Jos. A. Bent." To this cause of action the appellee interposed a plea in abatement on the ground that Mary C. Lane was "without capacity to bring this suit as executrix or trustee of the estate of Joseph A. Bent, for the reason, among others, that the will of the said Joseph A. Bent has not been probated in such a way to give her said authority; same not having been probated in the state of Texas as required by law."

The original petition was filed February 9, 1914, and to this document was attached a copy of the transcript of the proceedings of the Douglas county, Neb., court, showing the probate of Joseph A. Bent's will and the qualification of Mary C. Lane as executrix thereof and a copy of the will, all of which had been duly certified as required by law in the matter of admitting to record the proceedings in the courts of foreign states, when such will and transcript are to be used as muniments of title, or as a basis for probate proceedings in this state.

In this amended petition appellant sued as heir of Jos. A. Bent under the will, wherein it is alleged that Bent bequeathed to her in fee simple a share of the property, and as trustee for his estate, "with the right to own, hold, protect, and sell said land to the use and benefit of plaintiff individually and for the use and benefit of the estate of said Bent, all of which title, rights, and powers are di-

rectly conferred upon this plaintiff by the terms of a certain judgment, contract, and power of attorney of date January 15, 1915," a copy of which power of attorney was attached to and made a part of the petition, as well as a copy of the judgment in a friendly suit in the Fourth judicial district of Douglas county, Neb., wherein the court construed the will to mean that it was Jos. A. Bent's purpose to vest in Mary C. Lane, as trustee, the full title, power, and authority to sell and convey the Texas lands at such time, and upon such terms as she might deem for the best interest of the beneficiaries mentioned in the will. This construction of the will was thought necessary by reason of the fact that a minimum sale price was mentioned in reference to Missouri, Kansas, and California lands, and it was not clear as to whether that price was to apply to Texas lands. The court held that it did not so apply. In the power of attorney, Mary C. Lane is empowered by Jos. A. Bent's heirs to sell the Texas lands.

The court sustained the plea in abatement, and a general demurrer, and special exceptions to the amended petition, substantially as follows:

(2) That the petition showed on its face that plaintiff had no right to maintain the suit.

(3) That said petition shows that the plaintiff could not sue as executrix or trustee of the Bent estate or those entitled thereto because the will had not been probated in Texas.

(4) Because part of the petition shows that plaintiff sues as agent and attorney in fact for the beneficiaries, etc., and because neither the will nor contract under which she sues confers any authority on plaintiff to institute and prosecute suits in behalf of such beneficiaries, etc.

The judgment sustaining a plea in abatement and these exceptions is all one order, dated April 21, 1914, and, when the appellant declined to amend, the suit was dismissed, and due exception was made to the said rulings of the court. No motion for a new trial was made, and there is no statement of facts; but bills of exception were duly preserved.

The will of Joseph A. Bent makes certain disposition of property to his four children, including Mary C. Lane, but that did not pertain to the Texas land. The portions of that will bearing upon the powers conferred on Mary C. Lane, and the disposition of the Texas land, are as follows:

"I remit payment on all notes unpaid made to me by any of my children. I hereby appoint and constitute my eldest child, Mrs. Mary C. Lane, administrator and executor without bond of my unsold and undonated real estate situated in Nebraska, Kansas, California, Texas, Missouri and Alabama, to be held in trust by said Mary C. Lane and if sales are made the proceeds in cash to be used in paying taxes and necessary expenses as commissions on sales to administrator such as are usual in settlement

of estate in Nebraska, and the balance to be invested in mortgages on first class real estate and certificates of Annual National Deposits, and in case no sales are made, to use from rents such money as may be needed to pay taxes and expenses necessary in protecting and selling the various properties."

Then follow various special donations not necessary to set out here, and directions as to management as well. And then:

"I hereby donate to each of my grandchildren natural and adopted one thousand dollars to be paid to them when they reach the age of twenty-one years, also two hundred dollars to my nieces Mrs. Nora Kellogg and Sonora Kennedy, and to each, Gertrude and Sophia Nichols, and Hattie Bent, daughter of my brother George Bent. If either of the tracts bequeathed to my four children is sold before my death, then the amount received for such tract or tracts, is to be paid out of real estate as it may be sold to go to the child that is named in said bequest. My lands not sold or donated in Taney county, Mo., Rice county, Kansas, Brazoria, Ft. Bend, Liberty, Hardin, Colorado, Montgomery and Harris counties, Texas, and my lots in San Marcos, Ranch California, except those lots given in this will to my son, Joseph A. Bent, I wish not sold for less than fifty dollars per acre for those not having orchards on them, and the remaining lots for not less than double that sum in California, and fifty dollars per acre in Rice county, Kansas, and for not less than ten dollars per acre for my Taney county, Mo., lands. The proceeds of these lands I wish to be distributed as follows: as first, expenses and commissions of executor, and then on January first of each year such balance as may be collected, one-half to be equally divided among my four children, and the remaining one-half as follows: To the American Missionary Association," etc.

[1, 2] Since there was no motion for a new trial made, and the record contains no statement of facts, we can here consider only matters which are fundamental in their nature; and, while not here attempting to give a comprehensive definition of what fundamental error is, we feel safe in saying that action upon demurrers which go to the very foundation of plaintiff's cause of action, the right to maintain the suit, as these do, is decidedly of a fundamental nature. Oar v. Davis, 105 Tex. 479, 151 S. W. 794; Wilson v. Johnson, 94 Tex. 276, 60 S. W. 242; Houston Oil Co. v. Kimball, 103 Tex. 103, 122 S. W. 533, 124 S. W. 85.

It may be conceded that a foreign executor under a will, who has probated the same in and qualified under the laws of another state, has no power to act as such executor in regard to lands in this state, unless he file a transcript and take out administration in this state. Article 3276, Rev. Civ. Stat.; Mason v. Rodriguez, 53 Tex. Civ. App. 445, 115 S. W. 868; Henry v. Roe & Burnside, 83 Tex. 446, 18 S. W. 806; Webster v. Clarke, 100 Tex. 333, 99 S. W. 1019, 123 Am. St. Rep. 813; Sparkman v. Davenport, 160 S. W. 410, 414. And a plea in abatement raising the right to maintain the suit here, as executor, without probate proceedings in this state, would be properly sustained.

[3-5] But this suit was brought by Mary C. Lane in her individual capacity as heir of Jos. A. Bent and legatee under his will, as well as in her capacity as trustee of his estate, and we are brought face to face with the proposition as to whether the filing in Montgomery county, Tex., of the transcript of the probate proceedings from the probate court of Douglas county, Neb., including the will naming Mary C. Lane, as executrix and trustee, and charging her with certain duties, is such a muniment of title as to permit her to maintain this suit. Of course, this is aside from her character as executrix, for she had not qualified in that capacity in Texas.

That one tenant in common may maintain a suit in trespass to try title for the whole tract against a trespasser, without joining the others interested, is well settled in this state. Ney v. Mumme, 66 Tex. 269, 17 S. W. 407; Bean v. Dove, 33 Tex. Civ. App. 381, 77 S. W. 242; Leland v. Eckert, 81 Tex. 226, 16 S. W. 897; Davidson v. Wallingford, 88 Tex. 625, 32 S. W. 1030.

Judge Gould, in Stovall v. Carmichael, 52 Tex. 389, says, as to limitation, to which we shall hereafter advert, that:

"The rule seems to be that, if the other tenant in common might have sued alone (as undoubtedly he might in this state), he is not protected from the effect of limitation, and that in such case the party under disability, and not barred, can recover only his own moiety [citing Freeman on Cotenancy, § 377; Aug. on Lim. § 484]. As between him and other joint owners, his beneficial acts will inure, not to his exclusive benefit, but to the benefit of all."

In the case of Hayden v. Kirby, 31 Tex. Civ. App. 441, 72 S. W. 198, a case analogous to this cause, before the court for the First Supreme Judicial District, wherein the plaintiffs, along with their trust and individual capacities, sued as executors of the last will and testament of Peter Hayden, a plea in abatement was filed, urging practically the same grounds that were urged in such plea in this court. That plea was sustained by the trial court. The second and third grounds of exception to the plea in abatement were as follows:

"Second. Because the allegations of the amended petition show that plaintiffs do not sue in their capacity as executors or as representatives of the estate of Peter Hayden, deceased, but seek to recover as individuals.

"Third. Because the petition clearly alleges title to the land in plaintiffs, as trustees under the will of Peter Hayden, and as heirs of said Hayden, and further alleges title by limitation, which allegations are sufficient to entitle plaintiffs to maintain this suit in their individual capacity; and if, in addition thereto, the petition should be held to contain allegations showing that plaintiffs also seek to recover in the capacity of executors of a will not probated in this state, such allegations should be stricken out on exception, but would not require a dismissal of the suit."

Judge Pleasants, delivering the court's opinion, said:

"We think the second and third objections to the judgment are valid. In the case of Roundtree v. Stone, 81 Tex. 299, 16 S. W. 1035, our Supreme Court held that a petition which al-

leges that the plaintiffs are the 'executors and trustees under the last will and testament of E. Gibbons, deceased,' and were lawfully seised and possessed of the land sued for, but does not pray for a recovery of the land by plaintiffs in their capacity as executors, asserts a right in plaintiffs to recover in their individual capacity, and not as executors, and that the words 'executors and trustees under the last will and testament of E. Gibbons, deceased,' must be deemed as merely descriptio personæ [citing Gayle v. Ennis, 1 Tex. 186, and Rider v. Duval, 28 Tex. 624]. * * * On the contrary, the petition, considered as a whole, shows that the title asserted by plaintiffs is a fee-simple title in themselves. While plaintiffs were not required to plead their title, there is no rule which prevents their so pleading; and we think the allegations as to the probate of the will, and the record of a copy of same, should only be regarded as a statement of the title under which plaintiffs claim the land. But conceding, for the sake of argument, that the petition does show that plaintiffs sue in the capacity of executors, it is unquestionably true that they also seek to recover as trustees and as heirs of Peter Hayden; and, while so much of the petition as alleges a right to recover as executors should be stricken out on exception, that portion which alleges title in plaintiffs as trustees and as heirs is sufficient to show a cause of action against the defendants, and the suit should not have been dismissed."

Article 7875 of Vernon's Sayles' Civil Statutes provides that, when a will has been duly probated in another state or territory, a copy thereof and its probate, when properly certified, may be filed and recorded in the register of deeds in any county in this state in which the real estate is situated, in the same manner as in the case of deeds, and without further proof of authentication. Article 7877 provides that, when a will is so filed for record in this state, it "shall take effect and be valid and effectual as a deed of conveyance of said property; and the record thereof shall have the same force and effect as the record of deeds or other conveyances to land from the time when such instrument was delivered to such clerk to be recorded, and from that time only." These articles of the statutes are not treating of administration of estates in Texas, but as to the effect of wills from other states, when duly probated in such other states, as muniments of title in this state. Unless article 3276 is complied with, there can be no administration, and an attempt of a foreign executor to act as such in Texas without first complying with the requirements of that article of the statute would be without authority of law. The purpose of article 7875 was to permit a person owning land by virtue of a will duly probated in another state or territory to fix and preserve a muniment of his title without the formality of probating the will as required by article 3276. Mason v. Rodriguez, 53 Tex. Civ. App. 445, 115 S. W. 869.

[6, 7] A careful analysis of the will has convinced us that it was the purpose of Jos. A. Bent to constitute Mary C. Lane his trustee, as well as independent executrix, for it will be observed that a large part of his estate is specifically devised to certain of his heirs, while a considerable part of his es-

tate, including the lands in Texas, was not devised at all. He gave them no interest in this land, but an interest in the proceeds of the sale thereof, and out of the proceeds of sale certain other bequests were to be paid. The will says, "The proceeds of these lands, I wish to be distributed as follows, * * *" etc., and then follow various dispositions of the proceeds of such sale, including such bequests as those to the American Missionary Association, etc., as well as to his heirs. It clearly appears that he did not give to the beneficiaries under the will an interest in the land itself. In other words, title to the property in Texas did not vest in such beneficiaries, but remained in the executrix or trustee. It matters not what the instrument denominated Mary C. Lane, for if, upon reading the whole, it appears that he intended to make her a trustee, she would be such in fact, whether he called her that by name or whether he called her executrix, as was done in this case.

"Where a will expressly or by necessary implication creates certain trusts, and imposes upon the executor duties which are usually performed by a trustee, he * * * will take such interest or title in the property as is requisite, although the will does not specifically designate him as trustee, nor expressly bequeath or devise the property to him in trust." Patten v. Herring, 9 Tex. Civ. App. 640, 29 S. W. 388; Herring v. Patten, 18 Tex. Civ. App. 151, 44 S. W. 50; Bennett v. Bennett, 217 Ill. 434, 75 N. E. 339, 4 L. R. A. (N. S.) 476; Wenzel v. Powder, 100 Md. 36, 59 Atl. 194, 108 Am. St. Rep. 389; Appel v. Childress, 53 Tex. Civ. App. 607, 116 S. W. 132; Dulin v. Moore, 96 Tex. 135, 70 S. W. 742.

"If a will directs something to be done which is the proper subject of a trust, but appoints no one to perform it, the executor may then be held to be a trustee, by implication, to carry out the terms of the trust." Borland on Wills and Administration, p. 468.

Upon the death of a testator, his property immediately vests in some one, either the heirs at law, devisees under the will, or in the trustee or executor; and since Jos. A. Bent's Texas lands were not specifically bequeathed to the beneficiaries in his will, but on the contrary it was shown that he intended the same to be sold and the proceeds distributed as indicated therein, it is clear that he intended that the title to the same should vest in his trustee, to whom he had given directions as to how the proceeds should be expended, reinvested, and finally distributed.

Paragraph 9 of the amended petition, however, charges:

"That the .estate of Jos. A. Bent, deceased, that is now owned and held directly by plaintiff, as aforesaid, is not chargeable with any debts, demands, or claims whatsoever, in Texas, or any other state, that might in any manner become a charge against the land herein sued for by plaintiff, because whereof there is no use or necessity for the probation of said Jos. A. Bent's will in Texas, and there is therefore no administration of said estates now pending in any of the probate courts of this state."

Under article 3235 of Vernon's Sayles' Civil Statutes, upon the death of Joseph A. Bent,

his estate vested in the devisees in his will, and all of his estate not devised would vest in his heirs at law, if it had not vested in his trustee. After four years from the death of Joseph A. Bent, his will could not be probated in Texas, because the basis of the exceptions mentioned in articles 3247 and 3248 does not exist. The will was filed for probate in Douglas county, Neb., on May 7, 1906, and this suit was filed July 14, 1911. The proof of the will shows that Joseph A. Bent died January 18, 1906.

So there was no administration in Texas, and none could be had at the time this suit was filed; and since, even in the absence of a will, the property would vest in the heirs, they could maintain the suit. And while no administration could be had, the transcript of probate proceedings, which included the will, would serve as a muniment of title. If Mary C. Lane were either trustee or heir or legatee under the will, she could maintain this suit as such, because the time for administration in Texas had passed.

This brings us to a consideration of the question whether Mary C. Lane, one tenant in common, can maintain a suit for damages to the realty without the other cotenants being made parties thereto. This is aside from the right of one cotenant to recover possession of the land as against a mere trespasser. It will be recalled that the plea in abatement filed in this cause is based upon the fact that Mary C. Lane had not qualified as executrix in Texas, and the fact that she had no right to maintain the suit for damages to the realty because all cotenants must be joined was not raised. Neither is this matter raised by exception.

In the case of G., C. & S. F. Ry. Co. v. Cusenberry, 86 Tex. 529, 26 S. W. 43, Judge Gaines says:

"The rule is well settled by the decisions of this court that, in a suit to recover damages for an injury to real property, all the tenants in common must join; but that advantage of the defect in the petition must be taken by a plea in abatement, and that, in the absence of such plea, the plaintiff may recover damages in an amount proportionate to his interest in the property. May v. Slade, 24 Tex. 205; Rowland v. Murphy, 66 Tex. 534, 1 S. W. 658; Parks v. Dial, 56 Tex. 261; Lee v. Turner, 71 Tex. 264, 9 S. W. 149. The plea in abatement must give the plaintiff a better writ. Hence the defendant should not only have pleaded the nonjoinder, but the plea should have shown who were the owners of the other half interest. Not having done this, it cannot now complain that the plaintiff was permitted to recover one-half of the damages to a survey to which he showed title in his wife to an undivided one-half interest."

See, also, House v. Reavis, 89 Tex. 633, 35 S. W. 1063.

Judge Williams, speaking for the court, in G., H. & S. A. Ry. Co. v. Stockton, 15 Tex. Civ. App. 146, 38 S. W. 647, says:

"It is well settled that all joint owners of land must join in suits for such injuries as this, and that one cannot maintain a separate action for his proportion of the damages, if the defendant makes objection in proper time to the nonjoinder of cotenants. It is also settled, however, if objection be not properly urged in the trial court, 'that a judgment in favor of plaintiff, suing alone for his proper share of the damages, will not be disturbed on appeal.' But this latter proposition obtains only when the plaintiff has shown himself entitled to what he has recovered. In order to do this, he must, of course, show the extent of his interest in the property, and must recover no more than his just share of the damage. He does not represent the cotenant not suing, and cannot bind him, and, as against him, defendant cannot be protected by the judgment."

So it will be seen from the foregoing that, according to our view of the law, Mary C. Lane could maintain this suit, either as trustee or as heir under the will. The latter capacity, however, becomes unimportant because, as trustee, she has the right to maintain the suit on behalf of the entire estate; and this she could do for the entire damages to the realty, and would not be confined to her right as a cotenant to bring the suit on behalf of all as against a mere trespasser.

[8] The power of attorney given by the other heirs to Mary C. Lane to sell the property is undoubtedly insufficient to clothe her with the right or power to maintain a suit on behalf of those heirs.

The judgment is reversed, and the cause remanded for trial.