

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 8, 1962

Honorable Homer A. Davis
County Attorney
Dalhart, Texas

Dear Mr. Davis:

Opinion No. WW-1335

Re: Whether the County Judge
may sign an order finding
that no inheritance tax
is due by an estate where
a foreign will has been
filed in the Dallam County
Deed Records under Section
96 of the Probate Code but
has not been filed in the
Probate Records under Sec-
tion 95 of said Code, and
related questions.

Section 96 of the Probate Code authorizes the filing
in the Deed Records of a Texas county of a will and the pro-
bate thereof, duly attested, from a foreign jurisdiction. The
foreign will is thus made effective as a muniment of title.
Sections 98-9, Probate Code; Lane v. Miller, 176 S.W. 100 (Civ.
App. 1915, error ref.); Mason v. Rodriguez, 115 S.W. 868 (Civ.
App. 1909). You advise that in your county it has been the
practice to file foreign wills in the Deed Records under said
statute. The question has been raised, however, as to the
authority of the County Judge to sign an order certifying that
no inheritance tax is due by such an estate when "the estate
does not have a probate number and is not technically in the
probate court." We are asked to resolve this question.

As an alternative to filing the foreign will in the
Deed Records, Section 95 of the Probate Code authorizes filing
an authenticated copy of the will and of its probate in the
foreign jurisdiction, together with an application for probate
thereof, in the County Court. This action effects the probate
of the will and authorizes same to be recorded in the minutes.
Thus, Section 96 authorizes filing the will in the Deed Records,
while Section 95 authorizes filing same in the Probate Court
Records, both records being kept by the County Clerk. The will
having been filed in the Deed Records, we are of the opinion

it need not be thereafter refiled in the Probate Records. Abstract companies in preparing a chain of title include both Probate and Deed Records, and a double recording in the County Clerk's Office would appear to serve no useful purpose. Assuming it is unnecessary to qualify the foreign executor in Texas, we hold that a second recording is unnecessary, even though an inheritance tax is involved. (For purpose of this opinion, we assume that the will named an executor.)

Article 14.27 of the Tax Code (Title 122A, V.C.S.) authorizes the Comptroller to "prescribe and furnish all forms necessary in making the reports and collecting the tax." Our attention has been called to the following form prepared and long used by the State Comptroller:

"FORM NO. 30 - INHERITANCE TAX

DATE RECEIVED

PROBATE COURT NO. _____
CERTIFICATE OF COUNTY JUDGE WHERE
NO INHERITANCE TAX IS DUE

THE STATE OF TEXAS )
                   ) IN RE: ESTATE OF _____
County of _____ )

On this the _____ day of _____, 19____, came on to be seen, heard and considered for final determination the amount of Inheritance Tax due the State of Texas by the Estate of _____ _____, Deceased, and by the heirs and devisees under the Will of said decedent, and having duly examined and duly considered the inventory and reports filed herein by the Executors of said Estate as well as the Will of said _____ _____, Deceased, I find that under the laws of the State of Texas that there is no Inheritance Tax due said State by either the heirs, or devisees of said _____, Deceased, and

that this finding and conclusions be certi-
fied to the Comptroller of Public Accounts
of the State of Texas as well as entered upon
the Minutes of this Court.

_____

County Judge _____ County, Texas

APPROVED:

                                                    "
_____
Comptroller of Public Accounts.


       Under Article 14.16 of the Tax Code, the County
Judge, subject to the approval of the Comptroller, assesses
the tax. The primary source of information as to the prop-
erty included in the estate subject to the tax is contained
in certain reports required to be filed by the executor. Ar-
ticle 14.11 requires a preliminary report and Article 14.12
requires the executor to file within six months a sworn report
or inventory of the estate, which is to be "recorded as a
permanent record in the Probate Court." Since property in
this State belonging to the estate of a non-resident decedent
is subject to the Texas inheritance tax (Article 14.01), the
report aforesaid must be filed by executors of foreign, as
well as domestic, wills.

       The requirement of Article 14.12 for the recording
of the inventory in the permanent records of the Probate Court
in effect initiates a proceeding in such court. Article 1942,
V.C.S., states that County Clerks shall be "keepers of the
records, books, papers and proceedings of their respective
courts in civil and criminal cases and in matters of probate,
and see that the same are properly indexed, arranged and pre-
served. . . ." The filing of an inventory in Probate Court
clearly being a phase in the administration of an estate of
a decedent, we are of the opinion that proper indexing and
arranging requires the clerk to docket and number such estate
in the Probate Court.

       While the question may be debatable as to whether
the filing of such inventory in the Probate Court creates a
"suit," entitled to receive a number under Rule 23, Texas

Rules of Civil Procedure, nevertheless, the practice is universal in all our courts to number all proceedings therein, simply as a matter of good indexing and arrangement. Attention is called to the fact that no statute or court rule requires numbering of proceedings before the Texas Supreme Court; yet the clerk of that court very properly assigns a number to each proceeding filed.

A probate proceeding being pending then in a foreign will case by virtue of the filing of the inventory in the Probate Court, it is proper to file the order fixing the tax, or finding none due, under the same number. This is strongly indicated by Article 14.21 which states that the County Judge shall not "permit the delivery of any property to the legatee or heir without first ascertaining whether or not a tax is due . . . and if no tax is due, such fact must be shown by an instrument in writing, approved by the State Comptroller of Public Accounts, filed with the final papers closing said estate." Concerning this requirement that the tax proceedings be filed in the Probate Court with the other papers of the estate, we see no reason to make a distinction between the practice in a domestic will proceeding and in one involving a foreign will.

We are not unmindful of the holding in State v. O'Connor, 71 S.W.2d 306 (Civ.App. 1934, error ref.). That case involved the appealability to the District Court of the report of the appraisers of a domestic estate. Such appraisal, unless waived, is a step in the inheritance tax assessing process. Article 14.15. If such were considered a probate matter, the District Court would have appellate jurisdiction thereof. Article V, Section 8, Tex.Const. The court, although admitting the question "has by no means been without its difficulties," held that the fixing of the tax was not a probate matter, and hence an appeal to the District Court would not lie.

We do not find it necessary to pass upon the question of whether the tax assessing process has since been changed into a probate matter, although we point out that legislative changes since the 1934 O'Connor decision indicate that the Legislature may now intend to make the fixing of the tax a probate matter. The appraisal statute, incidentally, was amended in 1939 and now provides for appeal to the District Court.

In 1955 the Probate Code was adopted, Section 3(bb) thereof defining the words "probate matter" and "proceeding in probate" as including "a matter or proceeding relating to . . . the estate of a decedent . . . ." Fixing the tax due by an estate appears to come within this definition.

Article 14.26 was amended in 1945 so as to allow the County Judge a fee on inheritance taxes collected to "be taxed and collected as costs in probate cases." Thus, the Legislature decreed that the fees for services of the County Judge "performed under the provisions of this Chapter" are now to be assessed as probate costs.

Whether the proceedings resulting in a finding that no tax is due be labeled a tax matter or a probate matter, suffice it to say that the papers involved are in any event filed in the Probate Court along with other papers on file in the particular numbered and styled estate. Articles 14.12 and 14.21.

We are advised by the Comptroller's Office that the mechanics of handling the matter under consideration are these: The Comptroller examines the inventory filed under Article 14.12, together with a copy of the will, to determine whether the executor has made proper computations. As soon as he is satisfied that no tax is due, it is his practice to fill out the form set out above, in duplicate, sign his approval, and forward both copies to the County Judge for his signature, one to be entered in the minutes of the Probate Court and the other to be returned to the Comptroller for his files. The Comptroller advises that this procedure has been followed and this form used for over 32 years. Such departmental construction is entitled to great weight. Mumme v. Marrs, 120 Tex. 383, 40 S.W.2d 31 (1931).

Article 1965, V.C.S., provides:

"The minutes of the proceedings of each preceding day of the session shall be read in open court . . . and signed in open court by the County Judge. Each special judge shall sign the minutes of such proceedings as were had before him. . . ."

We think the order of the court finding no tax due, whether deemed a probate order or otherwise, is certainly a "proceeding"

in a probate case. The order, therefore, is required to be included in the minutes of the Probate Court. This has been for many years the universal practice. Such judgments reflecting that no inheritance tax lien exists are of considerable importance to land lawyers and title companies. Unrecorded filed papers are frequently lost. Recording said order in the minutes gives this important title information an enduring record.

The question is raised as to what effect the handling in the Probate Court of the inheritance tax proceedings relating to a foreign will would have on the court costs. Our answer is that the costs would be minor. The commission allowed the County Judge on "actual cash receipts" (Article 3926, V.C.S.) would not be applicable, since it was long ago decided in Willis v. Harvey, 26 S.W.2d 288 (Civ.App. 1930, error ref.) that such term did not include cash on hand in the original corpus of the estate. Assuming a waiver of appointment of appraisers (Article 14.15) and and inventory not of exceptional length, the total court costs of handling the foreign estate in the manner above outlined should be less than $10.00. See Article 3930, V.C.S., setting forth the schedule of fees chargeable by the County Clerk.

## SUMMARY

A probated foreign will recorded in the Dallam County Deed Records under Section 96 of the Probate Code need not be again recorded in the Probate Records under Section 95 of said Code as a prerequisite to the entry of an order by the County Judge finding that no inheritance tax is due by said estate. The filing of the inventory by the executor as required by Article 14.12 of the Tax Code (Title 122A, V.C.S.) requires the County Clerk to docket and number such estate in the

Probate Court. The order finding no tax due should be filed with the papers in such cause and recorded in the minutes of the Probate Court.

Yours very truly,

WILL WILSON
Attorney General of Texas

By J. Arthur Sandlin
J. Arthur Sandlin
Assistant Attorney General

JAS:afg

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Howard Mays
Bill Allen
Jack Price
Frank Booth

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.