HERRING & KELLEY ET AL. v. GEORGE M. PATTEN, EXECUTOR, ET AL.

Delivered January 26, 1898.

**1. Limitations—Amendment—New Cause of Action.**

An amended petition filed more than two years after the commencement of the suit, which alleges that a levy complained of was made by a deputy sheriff, instead of by the sheriff, as originally pleaded, does not state a new cause of action barred by the two years statute of limitations.

**2. Witness—Impeachment—Conviction of Crime.**

The record of a judgment of conviction for petty theft committed eight years before the date of the trial is not admissible in evidence to show incompetency or for the impeachment of a witness.

**3. Conversion—Judgment for Full Value Erroneous, When.**

A judgment in favor of an executor awarded for the conversion of personal property will be reversed when it appears that a tenant owned an interest therein, but the damages were assessed for the total value of the chattels.

**4. Will—Spendthrift Trust.**

A will directing the executor to take control of the testatrix's estate, but to permit her brother to occupy the land and receive maintenance from the personalty, the trust upon his death to be continued on similar terms in favor of another brother, the residue upon the latter's death to be distributed among certain heirs, creates a spendthrift trust, and the property is not liable for the debts of the brothers.

**5. Spendthrift Trust Not Subject to Execution.**

Property in the possession of a cestui que trust under a testamentary direction permitting its use by him, is not subject to his debts, although it has been used by him for two years prior to the levy of an execution.

**6. Same—Evidence as to Income.**

Evidence as to the sum necessary for the maintenance of the beneficiary under a spendthrift trust is inadmissible where it is not sought to apply the income to the payment of the beneficiary's debts, but a part of the trust estate has been levied upon.

**7. Same—Evidence of Intent as to Trust.**

The insolvency of one in the use of property under a spendthrift trust at the time it was created may be shown where it is attempted to subject a part of the property to levy and sale for his debts, as bearing upon the intent of the testatrix in creating the trust.

**8. Same—Declarations of Beneficiary.**

Declarations made by the beneficiary under a spendthrift trust at the time a part of the estate was leased to a tenant are inadmissible in evidence in a suit in which it is sought to subject the property to the claims of the creditors of the beneficiary.

**9. Same—Evidence of Cestui Que Trust.**

In an action by creditors to subject property in the use of one holding it under a spendthrift trust to the payment of his debts, the cestui que trust may testify that it belonged to the testatrix who created the trust.

**10. Witness—Impeaching Credibility—Value.**

One sued for the conversion of property levied upon who testifies that a stallion was worth but $250 or $300 when seized, and that horses have declined in value since that time, may be asked, for the purpose of attacking his credibility upon the question of value, whether he did not sell the horse for $450.

**11. Evidence—Parties—Transactions with Decedent.**

The beneficiary under a testamentary trust is incompetent to testify as to his partnership transactions with the testatrix on behalf of the executor in a suit in which the beneficiary has been brought in as a party defendant, where his interest is identical with that of the executor.

APPEAL from Hill.  Tried below before Hon. J. M. HALL.

*McKinnon & Carleton* and *Herring & Kelley*, for appellants.

*Smith & Phillips* and *John W. Davis*, for appellees.

FLY, ASSOCIATE JUSTICE.—George M. Patten, as executor of the will of Martha A. Patten, deceased, sued John P. Cox, sheriff of Hill County, and his bondsmen, to recover the value of certain property belonging to said estate which had been seized under an execution issued against the property of George W. Patten and had been converted by them.  Herring & Kelley, at whose instance and for whose benefit the execution had been levied, were made parties defendant by the sheriff .  At the instance of Herring & Kelley, George W. Patten and Nathan Patten were made parties.  A trial by jury was had, which resulted in a verdict and judgment for the executor in the sum of $2255.

The executor claimed the property under the provisions of the last will and testament of Martha A. Patten, which, after providing for the appointment of the executor and that the county court should not control the estate, and that the executor should not be required to give bond, was as follows:

"First, I desire all my just debts existing at the time of my death be first fully paid.  Second, I desire that at my death my executor shall take possession of all my property, both real and personal, and keep and control the same at my place in Hill County, either by himself or such agent or agents as my said executor shall select, and that my brother, George W. Patten, shall have the sole right to use and occupy my homestead, dwelling, lots, and appurtenances thereto, together with such personal property belonging to me as may be necessary and proper to keep and maintain for the comfort and convenience of my said brother George W. Patten, said home place, and my said executor shall from time to time turn over to my said brother, George W. Patten, such articles for his exclusive use (without security therefor) as may be required to keep up and maintain for my said brother such a home as under the circumstances of my estate shall be right and proper.  And my executor is directed to manage and control the balance of my estate in such manner as in his judgment may tend to promote the interests of my estate, having care to preserve my said estate intact if possible; and after first paying all proper expenses of management of my said estate, my said executor is directed to pay over to my said brother, George W. Patten, the net proceeds of my said estate during each year, and as often as may be necessary to supply the wants of my said brother, George W. Patten, without waiting for stated periods of settlement.  This provision for the support and comfort of my brother, George W. Patten, shall continue and be in force during his life.  If my brother, Nathan Patten, shall survive my brother, George W. Patten, said Nathan Patten shall immediately succeed to the provisions herein made for my brother George

W. Patten. After the death of both George W. Patten and Nathan Patten, it is my will that my executor proceed to take an inventory of such of my estate as may be in existence at that time, and after such inventory is taken it shall be the duty of my executor to convert my said remaining estate into money, without, however, using undue haste, and my said executor is directed to divide the money into two equal parts, one of which parts shall be and become the property of my said nephew, George M. Patten, or his heirs if he be then deceased, and the other half of said money shall be divided equally among the other children of my said brother, Nathan Patten, and Martha Patten Boggess, that is to say, each of the other children of Nathan Patten (save George M. Patten) shall receive one-fourth of the said one-half, and the said Martha Patten Boggess shall receive one-fourth of one-half, there being three children of my brother Nathan, besides the said George M. Patten."

In the original petition it was alleged that the levy of the execution was made by John P. Cox in his capacity as sheriff of Hill County. In the amended petition, which was filed more than two years after the cause of action arose, it was alleged that the levy was made by J. B. Ballard, a deputy sheriff acting by and through the authority of the sheriff, John P. Cox, and in the first assignment of error it is contended that the amendment set up a new cause of action and that the exception on the ground of two years limitation should have been sustained. It is expressly provided by statute that "sheriffs shall be responsible for the official acts of their deputies" (article 4897), and so far as the public is concerned the acts of the deputy are the acts of the sheriff. "So far as the responsibilities of the office are concerned, the sheriff is liable for the acts both of himself and his deputy; so far as its rights and duties are concerned, they are in every respect identical. * * * The acts of the deputy are performed in the name of the principal, and they become so essentially the acts of the latter that he may lawfully return that they were done by himself." Heye v. Moody, 67 Texas, 615.

The official acts of the deputy being the official acts of the sheriff, it would follow that proof that the levy was made by a deputy sheriff would meet the allegations of the levy by the sheriff, and such being the case the amendment was unnecessary and in no manner changed the status of affairs. The sheriff was responsible for the acts of the deputy under the allegations of the original petition just as he was under the allegations of the amended petition. In the case of Lewis v. Hatton, 86 Texas, 533, cited by appellant, suit was first instituted against Lewis as an individual and not as an officer, and proof was admitted to the effect that he was the sheriff of Dallas County, and that the acts complained of were done by one of his deputies. It is apparent that the allegations were not sufficient to admit such proof, because the effect would have been to bind Lewis, sued as a private citizen, for the acts of a deputy appointed by Lewis the sheriff. This is not a parallel case. If, however, it should be held that under an allegation that a sheriff had levied a certain writ, proof of the levy having been made by a deputy

would not be admissible, still we are of the opinion that the amendment did not state a new cause of action, but merely set forth in clearer terms a cause of action theretofore defectively stated. Such defective statement of the cause of action had the effect of arresting the running of limitation.

The trial court permitted appellees to read in evidence a judgment of conviction of petty theft of one of the witnesses for appellant, some eight years before the date of the trial. We think this was error. The evidence was not relevant to any issue in the case. Such proof did not render the witness incompetent to testify, and could not be used for purposes of impeachment. Railway v. Johnson, 83 Texas, 628; Insurance Co. v. Faires (Texas Civ. App.), 35 S. W. Rep., 55; Rice on Ev., p. 552, sec. 268.

It is the rule that the plaintiff must be in possession or entitled to the immediate possession to maintain a suit for trespass to personal property. But when the injury is permanent in its effects, the revisioner has the right of recovery. Taylor, Landl. and Ten., sec. 769, and note. The reason for the exception is clear. If the injury to the property is merely temporary no one has been damaged but the person in possession, and he alone could sustain the suit. But if it is permanent the revisioner suffers loss, and would be entitled to recover damages. For instance, if a horse was rented for a year, and while so rented should be injured so that there would be a complete recovery before the time expired for which he was rented, no one would be injured except the tenant, and he alone could sustain the action; but if the horse was killed or so injured as to permanently affect his value, the owner receives an injury and could sue for the damages. In this case there was a conversion of the property, and appellee's damages were immediate and permanent. The uncontradicted testimony, however, established the fact that the tenant M. V. Rites owned an interest in the stock, and the executor could not sue for and recover for the value of that portion of the property belonging to the tenant. The suit was not for the interest of the estate in the value of the horses, but for the whole value, and the charge did not draw the attention of the jury to the fact that the tenant owned an interest in the property, but submitted the cause as though the executor could recover for the total value of all the horses. The jury returned a general verdict for $2250, and doubtless this included what was found to be the full value of the property. If this be true, appellants would be compelled to pay twice for a portion of the property, as they had already settled with Rites for his interest in the property.

The object that Martha A. Patten, as indicated by her will, had in view was to place all her property in the hands of the executor to be held by him in trust, the proceeds therefrom, as well as personal property that he needed, to be used for the benefit and personal comfort of her brother George W. Patten, and after his death for the benefit of her brother Nathan. There is nothing in the will that indicates that the testatrix intended that any of the property should be subject to the debts

of her brothers.   No power of sale was given by the will to either of the brothers, but the property was placed in the hands of the executor to be used for the comfort and maintenance of George W. and then Nathan Patten. Patten v. Herring, 9 Texas Civ. App., 640. If George W. Patten did dispose of any of the personal property in such a way as to defeat the design of the will, such acts might perhaps render the executor liable to Nathan for the property so used, but would not affect the validity of the will.   We are of the opinion that the whole of the property, personal as well as real, was set apart by the testatrix for the support and maintenance of her brothers, and was not subject to the claims of their creditors.   The property was not shown to have produced more than a comfortable support for George W. Patten.   There is no question as to the income in this case, however, the contention being over personal property that was claimed to belong to the estate, which we hold was not subject to execution or attachment for the debts of George W. Patten. There was an effort to show that the property did not belong to the estate, and, of course, if this should be done, it is not protected by the provisions of the will.

The twelfth assignment of error complains of the action of the court in refusing to give a charge to the effect that if George W. Patten had been in possession of the property for two years before it was seized by the sheriff, that it was subject to the debts of appellants.   The charge was clearly erroneous under the facts and was properly refused.   The testimony showed that the property was placed in possession of George W. Patten under the provisions of the will and that he was holding the same in subservience to such provisions, and a singular anomaly would be presented if the execution of the terms of the will destroyed its vitality.   The authorities cited have no application whatever to the case under consideration.

The income from the estate of Martha A. Patten was not subject to the debts of her brothers, and if there was anything left after George W. Patten had received the support indicated by the terms of the will, it became a part of the assets of the estate.   It follows that evidence as to the amount necessary to support George W. Patten was properly excluded, not only on the ground mentioned, but because it was not income but other property that was seized by the sheriff.

The seventh assignment of error complains of an instruction of the court which informed the jury that the will created what is denominated a spendthrift trust, and that the purpose of the testatrix was to place her property in the hands of her executor for the maintenance and support of her brothers in the manner directed, and that the same was not subject to the debts of the brothers.   This was the construction placed upon the will by the Court of Civil Appeals of the third district, and afterwards approved by the Supreme Court by a refusal of a writ of error (Patten v. Herring, 9 Texas Civ. App., 640), and we believe the construction is the proper one. In connection with the last mentioned assignment it is contended that evidence of the insolvency of the brothers of the

testatrix was improperly admitted, and the case of Peet v. Railway, 70 Texas, 523, is cited as authority for the proposition. The decision is, however, authority for the admission of the testimony. The situation and condition of the testatrix in relation to the circumstances surrounding the legatees were properly admitted to disclose the intent of the testatrix as applied to the status of the legatees. Hunt v. White, 24 Texas, 652; Crosson v. Dwyer, 9 Texas Civ. App., 482.

The declarations of George W. Patten made at the time the lease was made to Rites was objected to by appellants and should have been excluded.

The witness W. D. Herring having stated on his direct examination that the stallion was worth only $250 or $300 when seized, and that horses had declined in value since that time, appellees were properly allowed to ask him on cross-examination if he had not sold the horse for $450. It was allowable as an attack upon the credibility of the witness as to the value of the horse.

In their answer, George W. Patten and Nathan Patten, while disclaiming that the property was theirs, set up their rights under the will. Their interest was identical with that of the executor, and his success in the suit was their success. It is true that they were not necessary parties to the suit, still they were proper parties, and when brought into the cause they were in nowise opposed to the executor and could not be called as witnesses under the provision of the statute that allows a party to testify as to the transactions with or statements by the testatrix when called by the opposite party. The executor in this suit was not the opposite party to them. The testimony of George W. Patten as to his partnership transactions with his sister was therefore inhibited by the statute, and should not have been admitted. There was no impropriety in admitting his testimony as to his insolvency and that of his brother, and that his sister knew of it when she made her will, or that the personal property belonged to his sister.

The other assignments of error are without merit.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*