NUNN et al. v. TITCHE–GOETTINGER CO.*
(No. 7796.)

(Court of Civil Appeals of Texas. Dallas. June 9, 1917. Rehearing Denied June 30, 1917.)

1. CREDITORS' SUIT ⬦═22—JURISDICTION— "SUIT TO ANNUL OR SUSPEND PROVISIONS OF A WILL."

A creditors' suit to collect a judgment from income payable under a testamentary trust was not a "suit to annul or suspend the provisions of a will," within the meaning of Vernon's Sayles' Ann. Civ. St. 1914, art. 3358, provid-

ing that such suits shall be brought before the court probating such will.

[Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. § 98.]

2. CREDITORS' SUIT ⬦═22—JURISDICTION— "DEMAND AGAINST THE ESTATE."

A creditors' suit to collect a judgment from income payable under a testamentary trust was not one to establish a money demand against the estate within the meaning of Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 6, providing that such a suit shall be brought in the county in which the estate is being administered, since it could not be such a proceeding unless the estate was liable for the demand or its liability charged. A "demand against the estate" would be some debt or obligation of the testator incurred in his lifetime or some enforceable debt or obligation of his representatives incurred subsequent to his death.

[Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. § 98.

For other definitions, see Words and Phrases, First and Second Series, Demand Against Estate.]

3. WILLS ⬦═674 — CONSTRUCTION — SPENDTHRIFT TRUST—"USE."

Where income under testamentary trust was made payable during beneficiary's lifetime for her use and benefit, without further limitation, held not to be a spendthrift trust which would be exempt from the beneficiary's debts; the word "use" without limitation meaning unrestricted use.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1585.

For other definitions, see Words and Phrases, First and Second Series, Use.]

4. WILLS ⬦═674 — CONSTRUCTION—DISTINCTION BETWEEN "SPENDTHRIFT TRUST" AND "ORDINARY TRUST."

Whenever it appears from any instrument, directing payment to or application of property, a portion thereof or income therefrom to the benefit of another, either expressly or impliedly to have been the intention of the creator of a trust that the interest of the beneficiary should not be subject to creditors' claims, such interest is exempt as a spendthrift trust, but, if the creator fails to exempt the interest, it necessarily occupies the status of an ordinary trust.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1585.

For other definitions, see Words and Phrases, First and Second Series, Spendthrift Trust.]

5. WILLS ⬦═487(3) — CONSTRUCTION — ADMISSION OF EVIDENCE—TESTATOR'S DECLARATIONS—GENERAL RULE.

Parol evidence to explain a testamentary provision should be confined to facts and circumstances which illuminate or discover the meaning attached by testator to the words actually used, but are not admissible where the testator's intention is clearly expressed, since, like other instruments, a will may not be contradicted or varied by parol contemporaneous evidence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1027.]

6. WILLS ⬦═487(5)—CONSTRUCTION OF TRUST — ADMISSION OF EVIDENCE — TESTATOR'S DECLARATIONS.

Where an alleged spendthrift trust was complete and unambiguous, testator's explanatory declarations held inadmissible where they tended to establish the fact, if anything, that the

testator did not intend that which he did express.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1030.]

7. WILLS &=>487(5)—CONSTRUCTION OF TRUST —ADMISSION OF EVIDENCE—BENEFICIARY'S DEBTS.

In construing an alleged spendthrift trust, evidence of the beneficiary's debts at the time of trial, admissible if at all on the issue of the testator's intention, was properly excluded.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1030.]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Creditors' bill by the Titche-Goettinger Company against W. G. Nunn and others. Decree for plaintiff, and defendants appeal. Affirmed.

Cunningham & McMahon, of Bonham, for appellants. Alex F. Weisberg and Thompson, Knight, Baker & Harris, all of Dallas, for appellee.

RASBURY, J. This proceeding is a creditors' bill filed by appellee in the court below. The purpose is to subject a fund accruing to appellant Mrs. W. C. Maloney under the will of C. W. T. Weldon, her father, to the satisfaction of a judgment secured by appellee against Mrs. Maloney. It was alleged that Mrs. Maloney had no other assets, and that the fund so accruing to her could not be reached by ordinary processes or remedies. W. E. Weldon, W. G. Nunn, and C. H. Weldon, independent executors under the will of C. W. T. Weldon, and trustees of the property from which the fund accruing to Mrs. Maloney arose, were parties to the suit, and are appellants here. The exceptions and defenses to the proceeding are reflected in the issues presented on appeal, and for that reason will not be particularized in this statement. Trial was had before the district judge, resulting in a decree directing the appellants, the executors and trustees, to pay appellee's judgment at stated periods out of the funds accruing to appellant, Mrs. Maloney, and awarding costs against appellants. From such decree this appeal is prosecuted.

The facts developed at trial are these: The will of C. W. T. Weldon was admitted to probate in the county court of Fannin county, July 23, 1908. The will provides for the payment of the testator's debts and for certain legacies for his wife and daughter, Nannie S. Bleakney, after which the residue of the estate is directed by the testator to be divided into four equal portions, one portion being bequeathed to his daughter, Mrs. Sallie T. Nunn, one to his son, W. E. Weldon, one to his son, C. H. Weldon, and one to W. G. Nunn, W. E. Weldon, and C. H. Weldon, his executors, "in trust for the use and benefit of my daughter, Lucy V. Maloney, wife of W. C. Maloney," with the provision "that the interest and revenue from same only be paid and de-

livered to my said daughter during her lifetime." In event of death of Mrs. Maloney before her youngest child shall have attained his or her majority, the trustees are required to pay the revenue accruing to Mrs. Maloney in like manner to her children until the youngest shall have attained his or her majority, at which time the corpus of the share held by the trustees shall be distributed equally between such children. Full authority is conferred upon the trustees and their survivors to manage and control the property for the purposes indicated. The executors took possession of the estate and administered same in their dual capacity, substantially according to the testator's will. Prior to the commencement of the instant proceeding appellee was awarded judgment against appellant Mrs. Maloney for $731.37, with interest, upon which execution had been issued and returned unsatisfied. The debt merged into the judgment was for wearing apparel, furniture, etc., and in part for a trousseau for Mrs. Maloney's daughter. At trial it was admitted that Mrs. Maloney was a resident of Dallas county, and that the only property she had was the revenue from that portion of her father's estate held by said trustees, who were residents of Fannin county, and that her average annual income from that source was $2,642.25, in addition to which she had the free use and occupancy of a home. Mrs. Maloney at the time of the trial was a widow aged 57 years, and was indulgent, and, if not a spendthrift, quite improvident. Her family consisted of herself, an invalid daughter 32 years of age, addicted to the drug habit, in consequence of which it was and is necessary for her to receive medical treatment in sanitariums, where her mother has placed her from time to time at great expense, and a son 20 years of age and in delicate health, and who has never earned anything with which to maintain himself.

The first and second assignments of error challenge the jurisdiction of the trial court over the subject-matter of the suit. In support of their contention appellants rely upon subdivision 6 of article 1830, Vernon's Sayles' Civil Statutes, prescribing the venue of suits, which declares that in suits against an executor, administrator, or guardian, as such, to establish a money demand against the estate which he represents, same must be brought in the county in which the estate is being administered, and upon article 3358, Id., which declares, in substance, that proceedings to annul or suspend the provisions of a will shall be before the court probating same. The inquiry then is: Is the purpose of this proceeding one of those enumerated in the articles quoted?

[1] Incidentally it is so clear that this suit is not one to annul or suspend the provisions of the testator's will, since its validity, execution, and probate is not challenged, we may

dismiss all discussion relating to the application of article 3358.

[2] Resuming, then, the purpose sought in this suit is to subject the money which Mrs. Maloney receives from the estate held by the trustees to the payment of her debt.' Then can that purpose be said to be, in contemplation of subdivision 6 of article 1830, a proceeding to establish a money demand against the estate? We believe not. In strictness, it could not be such a proceeding unless the estate was liable for the demand, or its liability charged. A demand against the estate ordinarily would be some debt or obligation of the testator incurred in his lifetime or some enforceable debt or obligation of his representatives incurred subsequent to the testator's death. Literally in this case there is no demand sought to be established against any one. In fact, the claim or demand of appellee as it originally existed has ceased to be a demand in the sense used in subdivision 6, since it is a judgment against appellant, and no claim that the said C. W. T. Weldon before his death, or his representatives thereafter, in law became bound therefor. Further, the effect of the judgment is not to establish a demand or liability against the estate. According to the judgment, the most comprehensive meaning deducible from the language used is, at most, a direction to the trustees to pay to appellee its judgment against Mrs. Maloney out of the income accruing to her from her father's estate in the manner stated and establishing against said income an equitable lien until such judgment is paid. Such being the purpose of the suit, and the decree so adjudging, and Mrs. Maloney being a resident of Dallas county when the proceeding was commenced, the district court did have jurisdiction of the subject-matter. We have found no case in point, nor have we been cited one. Counsel for appellee do cite, however, the case of Crosson v. Dwyer, 9 Tex. Civ. App. 482, 30 S. W. 929, which is persuasive in that it holds in effect, that when the suit is not one to establish a demand against the estate, but, as shown in that case, one to construe a will, the suit may be brought in any county having jurisdiction on grounds of residence of some of the parties.

[3] The third assignment of error complains of the action of the court in overruling appellants' general demurrer leveled against appellee's petition. The petition discloses that part of C. W. T. Weldon's will whereby he placed in the hands of the trustees for the use and benefit of Mrs. Maloney during her lifetime one-fourth of the residue of his estate. It was maintained by appellants on presentation of the demurrer, and the point is urged now, that such disposition of Weldon's estate constituted prima facie a spendthrift trust, the proceeds arising from which were exempt from any application to the payment of Mrs. Maloney's, the beneficiary's, debts. The will provided no more than we have stated, which, to repeat, was that the trustees were to receive and hold the property in trust for the "use and benefit" of Mrs. Maloney. That use and benefit was declared by the will to be her right to have and receive for her use the income and revenue arising therefrom. It occurs to us that the bare direction to the trustees to pay the income of the property to Mrs. Maloney for her use is insufficient to create a spendthrift trust.

[4] Using, in substance, the language of another, whenever it appears from any given instrument, directing the payment to or the application of property, a portion thereof, or the income therefrom to the benefit of another, expressly or by implication, in the light of all the circumstances, to have been the intention of the creator of the trust that the interest of the beneficiary should not be subject to the claims of creditors, such interest is exempt. 39 Cyc. 240. Some jurisdictions do not recognize the right by such mode to limit the liability of property or income for the debts of the beneficiary, but this jurisdiction does. Gamble v. Dabney, 20 Tex. 69; Wallace v. Campbell, 53 Tex. 229; Patten v. Herring, 9 Tex. Civ. App. 640, 29 S. W. 388; McClelland v. McClelland, 37 S. W. 350; Herring v. Patten, 18 Tex. Civ. App. 147, 44 S. W. 50; Wood v. McClelland, 53 S. W. 381. Regarded in the light of the definition cited above, the element vitally essential to create a spendthrift trust is absent from that provision of Weldon's will we are considering; that is to say, there is no express declaration in the will that the income accruing to Mrs. Maloney shall be exempt from liability for her debts. The difference, we apprehend, between an ordinary and a spendthrift trust is in the main that by the latter the beneficiary takes the property, interest, or income free from liability for his debt. If the creator fails to exempt the interest, then there is not a spendthrift trust, and the interest conferred necessarily occupies the status of other property acquired in any of the various ways by which it may be acquired. Neither can it be implied or inferred, as argued by appellants, from the language used that it was the intention of Weldon to exempt the interest conferred. As we have said, the sum of the testator's directions was that the income from the property should be paid to Mrs. Maloney for her "use." All property, however, acquired by one is for that one's use, and in the absence of restrictions in its acquisition the use contemplated is unrestricted use. In the cases supra from our own courts, some of which are relied upon by appellants, it will be found upon examination that the creator of the trust either expressly exempted the interest or used words reasonably implying an intention to restrict the use of the property or income to a designated purpose, such as support and maintenance, or to supply the

comforts and necessities of the beneficiary. The use of such words affords a basis for the implication or inference that the interest conferred was to be restricted to that use, and hence exempted from any other which could not be implied in case of total absence of such language. For such reasons we conclude that the will did not prima facie create a spendthrift trust, and that the court did not err in overruling appellants' general demurrer.

The third and fourth assignments complain of the action of the court in excluding testimony. Appellants offered to prove by the witness Myrick that C. W. T. Weldon in his lifetime declared that he limited the amount to be received by Mrs. Maloney under his will because she was a spendthrift. Appellants also offered in evidence a list of debts aggregating $1,620.60 owing by Mrs. Maloney. In both instances the court excluded the evidence. Appellants contend that the evidence of Myrick was admissible as tending to show the intention of the testator in limiting Mrs. Maloney to the use only of the income from the trust property.

[5] The rule in such matters was announced in the early case of Hunt v. White, 24 Tex. 643. There it was said, in substance, that the situation of the testator in relation to persons and things around him could be shown by parol evidence in order that the provisions of his will might be read and explained in the light thereof, but that, since the provisions of a will, like other written instruments, may not be contradicted or varied by parol contemporaneous evidence, and the intention of the testator was to be ascertained from the meaning of the words used in the will, such parol testimony should be confined to those facts and circumstances which would illuminate and discover the meaning attached by the testator to the words actually used.

[6] By the rule so stated the inquiry here then is: Did the parol testimony excluded by the court tend to ascertain or discover the meaning attached by Weldon to the language used by him in conferring the interest in his estate he did confer upon Mrs. Maloney? We conclude it did not. First, it may be said that the will itself discloses a completed purpose and fixed intention to bequeath to Mrs. Maloney for life the income only from the property placed with the trustees, since the language used is unambiguous, being neither doubtful nor uncertain, and the use of the interest conferred is free, full, and unrestricted. The evidence offered would have tended to establish the fact, if anything, that the testator did not intend that which he did express. In short, the tendency of the testimony would be, not to ascertain the intention gathered from the language used in the will, but rather to add to that used other language tending to establish a differ-

ent intention; or, to be exact, the evidence would have had the effect of establishing limitation upon the free and unrestricted use of the income provided for in the will. Incidentally we think the right of appellee to subject the income to its debt is dependent upon whether the testator intended to restrict the use thereof by Mrs. Maloney. In such connection there is nothing in Weldon's will directing the particular use to be made of the income or any provision placing upon the trustees the duty and responsibility of applying same to any particular use for the benefit of Mrs. Maloney, as is the case in many such trusts. We therefore conclude that the admission of the testimony offered would have tended not to explain the intention of the testator by the use of language actually employed, but to have changed the legal import of such language and was hence properly excluded.

[7] The evidence of Mrs. Maloney's debts at the time of trial, if admissible at all on the issue of the testator's intention, was under our conclusions above also properly excluded.

The sixth assignment is ruled by our conclusions in reference to the third and fourth assignments. The seventh becomes immaterial thereunder, while the eighth, ninth, and tenth present in another way issues already discussed, and accordingly all are overruled.

The judgment is affirmed.