JACOBSON v. THOMAS et al.    (No. 7900.)

(Court of Civil Appeals of Texas. Galveston. March 25, 1920. Rehearing Denied April 15, 1920.)

1. Explosives ⊜═9—Nature of liquid furnished question for jury.

Evidence, in action for negligently furnishing gasoline instead of coal oil for an oil stove, resulting in explosion whereby plaintiff was burned, *held* sufficient to go to the jury on question whether liquid was gasoline.

2. Trial ⊜═139(1), 140(1), 143—Province of jury to determine between conflicting witnesses.

It is the jury's province to pass on the credibility of witnesses, the weight to be given to their testimony, and to resolve any conflicts between them.

3. Witnesses ⊜═345(2)—Plaintiff may not be impeached as witness by evidence of convictions as to gambling.

Evidence as to how many times plaintiff had been arrested or convicted for gambling or running a gambling house was inadmissible as basis for impeaching him as a witness.

Appeal from District Court, Galveston County; H. C. Hughes, Judge.

Action by Wesley Thomas and others against N. Jacobson. Judgment for plaintiffs, and defendant appeals. Affirmed.

Marsene Johnson, Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, for appellant.

Fuller & Brady, of Galveston, for appellees.

GRAVES, J. The judgment here appealed from followed a jury's finding that appellee was burned by gasoline negligently furnished by appellant for use in a stove designed only for the burning of coal oil.

The sole complaints upon appeal are: First, that the verdict lacked support in that all the evidence showed—to such extent as to have made it the court's duty to grant appellant's request for a peremptory instruction in his favor—that the oil in the stove was coal oil and not gasoline; second, that the court erred in excluding testimony upon how many times the appellee had been arrested or convicted for gambling, or running a gambling house, in Galveston county.

After a careful review of the record, we conclude that no error is pointed out in either instance.

[1] There was a sharply drawn conflict in the evidence touching the issue of whether or not the material in the stove was gasoline. True, the appellee's statement to that effect was the only direct testimony that it actually was gasoline, he saying that he knew it to be such because he smelled it at the time the accident occurred; but, to say nothing of the diametrically opposite versions of the parties and of their witnesses about the conditions under which the material was purchased of the appellant, there were certain further facts and circumstances presented tending to corroborate the appellee, and from which the jury might legitimately conclude that the stove did contain gasoline. For instance, the undisputed proof showed that the stove was placed in the doorway between two rooms, and that the appellee was injured by fire thrown some 15 feet from it almost immediately—that is, in about 25 seconds—after it had been lighted, while appellant's expert witness testified that, had it merely contained oil, "a person 10 or 12 or 15 feet from that stove in that condition would not be spattered with coal oil. He would not be spattered with the oil 5 feet from the stove. They don't use gasoline in the ordinary oil

stove, and it would be exceedingly dangerous to put gasoline in them."

It was also shown that, while the tendency of coal oil would not be to explode, at least not within so short a time, gasoline would.

[2] It was the jury's province to pass upon the credibility of the witnesses, the weight to be given to their testimony, and to resolve any conflict between them. Carter v. Carter, 5 Tex. 93; Schmick v. Noel, 72 Tex. 1, 8 S. W. 83; Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963; Hodde v. Real Estate Co., 196 S. W. 347; Traction Co. v. Berry, 187 S. W. 415; Ry. Co. v. Mills, 34 Tex. Civ. App. 127, 78 S. W. 11; Ry. Co. v. Sierra, 109 S. W. 986.

[3] That the court did not err in sustaining objections touching alleged particular violations of criminal statutes, asked as a basis for impeachment of the appellee as a witness, we think is well settled. Railway v. Dumas, 93 S. W. 493; Railway v. Adams, 42 Tex. Civ. App. 274, 114 S. W. 453; Herring v. Patten, 18 Tex. Civ. App. 147, 44 S. W. 50; Railway v. DeBord, 21 Tex. Civ. App. 691, 53 S. W. 587.

The judgment is affirmed.

Affirmed.