## STANLEY et al. v. STANLEY.
### No. 5122.

Court of Civil Appeals of Texas.   Amarillo.
Feb. 26, 1940.

Wilson, Randal & Kilpatrick, of Lubbock, for appellants.

Herbert C. Martin and E. A. Bills, both of Littlefield, for appellee.

JACKSON, Chief Justice.

This is an action in trespass to try title instituted by appellee, L. A. Stanley, against the appellants, Mrs. Mattie Stanley, Jimmie Lee, R. L., John and Frances Stanley, to cancel two deeds and recover certain town lots in Memphis, Texas, and certain land in Lamb County, Texas.

In his petition, in addition to the required allegations in trespass to try title, appellee pleaded that the appellants were claiming Lots 7, 8, 9 and 10 in Block No. 8 of the Durham Addition to the town of Memphis under a deed executed by him to J. M. Stanley August 31, 1935; that they were claiming the land in Lamb County, the North Half of Labor No. 7 in League No. 659, by deed from him to J. M. Stanley dated September 12, 1935; that if he executed such deeds they were void because signed and acknowledged by him while he was insane and of unsound mind; that the land if deeded by him was conveyed to J. M. Stanley to be held by him in trust for appellee and to be reconveyed to him by J. M. Stanley on request. He also pleaded failure of consideration, said he had regained his mental faculties, was of sound mind and entitled to maintain the suit. He alleged that Jimmie Lee, John and Frances Stanley are minors and asked the court to appoint a guardian ad litem to represent them. He sought to recover the title to the lots in Memphis, the land in Lamb County, to cancel the deeds to J. M. Stanley under which appellants claim title and to quiet his title.

The court appointed J. O. Fitzjarrald and Jack Randal to represent the minors.

The appellants, Mrs. Mattie Stanley urged a general demurrer, and the children, who were the heirs of deceased, also demurred to the petition.

The appellants pleaded general denial, plea of not guilty and alleged that appellee, L. A. Stanley, conveyed the property to J. M. Stanley, now deceased, and at the time L. A. Stanley was of sound mind; that Mattie Stanley is the surviving wife of J. M. Stanley, deceased, and the other appellants, Jimmie Lee, R. L., John and Frances, are the children of the deceased and Mattie Stanley; that the deeds were made for a valuable consideration and conveyed the lots and land to J. M. Stanley and at his death appellants became the owners thereof.

In response to special issues submitted the jury found, in effect, that the appellee, L. A. Stanley, was not of unsound mind on August 31, 1935, when he conveyed the lots in Memphis to J. M. Stanley and not of unsound mind on September 12, 1935, when he conveyed the half labor of land in Lamb County to J. M. Stanley; that at the time appellee conveyed the lots in Memphis and the land in Lamb County to J. M. Stanley it was agreed and understood between them that J. M. Stanley would hold said property in trust for the appellee. At the request of the appellee the jury found that he received a consideration for the deeds in question.

On these findings judgment was rendered that the deeds be cancelled and appellee have and recover the lots in Memphis and the half labor of land in Lamb County, and the judgment is before us for review.

The appellants assail as error the action of the court in overruling the demurrers because the facts stated in appellee's petition showed that J. M. Stanley was dead at the time the suit was brought and appellants were his heirs, but failed to allege there was no administration on the estate of the deceased and none was necessary or that four years had elapsed since the death of the deceased. They also challenge the action of the court

in refusing to direct a verdict in their behalf since there is no proof in the record that no administration was pending and none necessary but proof did show that the time had not elapsed for such administration.

The appellee's petition did not contain any of the allegations, the omission of which is complained of in appellants' assignments.

The appellee did not sue J. M. Stanley to whom he says he deeded the property involved. He designates one of the defendants as "Mrs. Mattie Stanley" but does not join her husband nor allege the existence of facts which would authorize the suit against her without joining her husband, hence the conclusion follows that she was sued as a widow. The appellee also averred that certain of the defendants were minors and asserted that the appellants were claiming title under the deeds he had made to J. M. Stanley and, in our opinion, the allegations fairly construed indicate that J. M. Stanley was dead and that the children were sued as his heirs. No explanation is offered for their claiming under the deeds nor for the suit against them if they were not heirs.

Article 1982 of Vernon's Annotated Civil Statutes says: "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant."

In Bluitt et al. v. Pearson et al., 117 Tex. 467, 7 S.W.2d 524, 525, in answer to a certified question, the Supreme Court says:

"The sole question therefore is whether or not, in the absence of an allegation by the plaintiffs that there was no administration on the estate of Mattie Dancy and no necessity therefor the district court had jurisdiction to hear and determine the issues.

"In a suit such as that presented in the certificate, it is indispensable that the plaintiffs' petition should contain an allegation that there is no administration and no necessity for one. No precise form of words is of course required, but the facts thus indicated must be alleged."

See also Grupa et al. v. Grupa, Tex. Civ.App., 98 S.W.2d 217.

In Youngs et al. v. Youngs, Tex.Com. App., 26 S.W.2d 191, 193, in an opinion by Judge Critz, it is said: "We think it is a settled law of this state that before heirs, as such, can maintain a suit to recover a chose in action or other property which has descended to them, within the period allowed by law for the taking out of an administration, they must plead and prove facts entitling them to prosecute the action, and, in the event that the suit is brought within the four-year period allowed by law for an administration, they must plead and prove that there is no administration pending and none necessary. A petition that fails to affirmatively allege these facts is fatally defective and subject to a general demurrer."

See also Laas v. Seidel, 95 Tex. 443, 67 S.W. 1015; Richardson et al. v. Vaughan et ux., 86 Tex. 93, 23 S.W. 640.

The record discloses that J. M. Stanley died on the 8th day of July, 1936; that appellee's petition was filed in less than four years from said date and that he failed to allege there was no administration pending or that none was necessary or that such administration if had was closed. If appellants' contention is correct that appellee's petition disclosed a suit against the heirs of a deceased person, the demurrers should have been sustained.

In answer to this contention the appellee says that his petition "is a straight trespass to try title petition" and in such action he is not required to allege the facts the omission of which the appellant assigns as reversible error. To sustain this position he cites Fowler et al. v. Roden et al., Tex.Com.App., 105 S.W.2d 187 and Pure Oil Co. v. Tunnell et al., 126 Tex. 57, 86 S.W.2d 207, 209.

In Fowler v. Roden, which is based upon the holding in Pure Oil Co. v. Tunnell, it is said that in a suit in trespass to try title the statutory elements of such an action are all that are necessary for jurisdictional purposes in the absence of a plea in abatement or special exceptions or objections to the testimony. Since no testimony was offered on the issue under consideration here, the last statement has no application. In the Pure Oil Co. v. Tunnell, supra, the court says: "In so far, however, as the matter of pleading is concerned, the rule is not applicable to a petition in trespass to try title which does not disclose on its face the fact that the claimants sue as heirs. Article 7366 of the statutes regulates the averments of petitions in trespass to try title. A petition

of this sort which alleges nothing more than the statute prescribes is legally sufficient. Bridges v. Cundiff, 45 Tex. 440. In the present instance the petition of the interveners simply follows the statute. It was incumbent on them, however, to show by testimony that no administration of the estate of Mrs. Tunnell is pending and none is necessary. They failed to make this proof. This furnished legally sufficient ground for dismissal of their suit, but not for the judgment which the trial court rendered concluding the merits of their claim. In a case of this sort, proof of no administration and no necessity respects the right of the claimants to sue rather than the merits of their claim."

■■ It will be noted that, in an action in trespass to try title in which the petition alleges nothing more than the statute prescribes, the allegations that no administration is pending and none is necessary are obviated, but, in our opinion, the petition of appellee in this case contains much more than the statute requires to be alleged in an action in trespass to try title. However, should we be in error in deciding the court should have sustained the general demurrers the judgment must be reversed because the record shows without dispute that this was a suit to recover land against the heirs of J. M. Stanley, deceased, that the action was brought within less than four years after his death and there is no testimony even tending to show that there was no administration on his estate or that none was necessary. This would not entitle appellants to a peremptory instruction inasmuch as proof of no administration or no necessity therefor has reference to the right to maintain the suit rather than to the merits of their cause of action.

The appellants present as error the action of the court in permitting the appellee while on the stand to testify to statements and transactions between him and the deceased, the substance of which were that he received no consideration for the land, that the deeds conveyed the land in trust and that was his intention in executing and delivering them over the objection for the heirs that such testimony was in violation of article 3716 of the Revised Civil Statutes. The appellee testified in response to certain questions propounded by his attorney that his intention in deeding the land to J. M. Stanley was to convey it to him in trust to hold for appellee and have

the deceased deed it back to him when requested, and that he received no consideration therefor. The appellee was asked these questions by his attorney and made these answers:

"Q. Well, on the Memphis property, I want you to explain about some testimony here with reference to a check for five hundred dollars. A. Uh huh.

"Q. Explain that to the jury. A. Well, J. M. give a check on a bank at Itasca."

The appellants here renewed their objection that the testimony invaded what is known as the dead man's statute, the objection was overruled, they excepted and the attorney and witness proceeded:

"Q. Explain the check. A. He gave me a check. I don't recall the man that made the check out in the office. It was not the man that made out the paper; another man. The other man ought to be able to tell you. I can't think of the man at the present time.

"Q. It doesn't make any difference. A. Anyway he did and this fellow made out the check and J. M. signed the check and handed it to me and we went down stairs and when we got down there he had done told me he would see I got this on a bank; that there wasn't going to be anything to it, but that he had to do this in order to make it go through.

"Q. What happened when you got down stairs? A. I gave him the check back. I says, 'You don't want to keep my stuff. We were raised together and I am not afraid.'

"Q. You met by the bank? A. Yes.

"Q. Did you go in the bank? A. No, sir."

This testimony, according to the record, clearly referred to an agreement between appellee and his deceased brother relative to the land being held by the deceased in trust for appellee.

Article 3716, R.C.S., reads as follows: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs

or legal representatives of a decedent arising out of any transaction with such decedent."

■ This testimony, in our opinion, was inadmissible under article 3716. Finley et al. v. Pafford et al., Tex.Civ.App., 104 S. W.2d 163, and the authorities therein cited; James v. James, 81 Tex. 373, 16 S.W. 1087; Edelstein v. Brown et al., 100 Tex. 403, 100 S.W. 129, 123 Am.St.Rep. 816; Herring et al. v. Patten et al., 18 Tex.Civ.App. 147, 44 S.W. 50.

The appellee insists that these objections were waived because appellants on cross-examination elicited substantially the same testimony from appellee.

■ The appellee voluntarily injected statements which were not responsive to the questions propounded apparently for the purpose of getting before the jury certain statements and negotiations passing between him and his brother relative to the deeds. As an illustration, he was asked by counsel for appellants:

"Q. Didn't you when you signed these deeds do it for the purpose of putting that property in the name of J. M. Stanley so those people that had the claims against you wouldn't get it? A. Well I will answer that this way: My brother told me he would take it over."

On objection that this was not responsive it was excluded, and appellee finally stated: "I did deed it to him to protect me from those people trying to beat me out of this stuff." In view of appellee's injecting such matters wholly unresponsive to the questions asked, if the law was as asserted by appellee it should not be applicable under this record.

■ We understand if on cross-examination facts are elicited from the witness about which he has not been interrogated no complaint could be made of such testimony but, as we understand the rule, a party does not waive the objection made to the admission of testimony by cross-examining the witness on the facts theretofore elicited by opposing counsel. This, as we understand, is the holding of Judge Ramsey in Cathey v. Missouri, K. & T. Ry. Co. of Texas, 104 Tex. 39, 133 S.W. 417, 419, 33 L.R.A.,N.S., 103, in which he states: "It would indeed be a strange doctrine, and a rule utterly destructive of the right, and all the benefits of cross-examination, to hold a litigant to have waived his objection to improper testimony because by further inquiry he sought on cross-examination to break the force or demonstrate the untruthfulness of the evidence given in chief, in the event, as would most usually occur that the witness should on cross-examination repeat or restate some or all of his evidence given on his direct examination. In this case it was a matter of prime importance to the plaintiff in error to test the accuracy of Tateman's evidence, to show the inaccuracy of his means of information, and if it could be done to place before the jury the fact or any evidences of his unworthiness."

If the finding that appellee received a consideration for the deeds rendered harmless his statement that he did not receive such consideration, the error in admitting the other testimony, the admissibility of which is challenged, was not eliminated.

■ The appellants contend that they were entitled to a peremptory instruction since appellee testified, in effect, that he conveyed the land to his brother to avoid the payment of debts. The evidence is not conclusive against appellee on this issue and as the question was not submitted by the court nor requested by appellants, the presumption is that it was found by the court in favor of the judgment. Wichita Falls & Oklahoma Ry. Co. et al. v. Pepper, Tex.Civ.App. 135 S.W.2d 79.

■ The appellants also insist inasmuch as the jury found that the land was conveyed to the deceased to be held in trust for appellee and that appellee received a consideration for the deeds there is an irreconcilable conflict in such findings. These findings are not necessarily in conflict as there may be a consideration paid for property to be held in trust. 65 C.J. 240, par. 29.

The judgment is reversed and the cause remanded.